UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:12-CR-217 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| JUDEL ESPINOZA-GONZALEZ, | |
| Defendant(s). | |

Presently before the court is petitioner Judel Espinoza-Gonzalez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 84, 85). The government filed a response (ECF No. 88), to which petitioner replied (ECF No. 89).

**I.  Facts**

On July 11, 2012, petitioner pleaded guilty to counts (1) through (5) of the information (ECF No. 64): (count 1) conspiracy to interfere with commerce by robbery, 18 U.S.C. § 1951; (count 2) interference with commerce by robbery, 18 U.S.C. § 1951; (count 3) use and brandishing a firearm in relation to a crime of violence, 18 U.S.C. § 924(c); (count 4) kidnapping, 18 U.S.C. § 1201; and (count 5) conspiracy to possess more than 100 grams of heroin with intent to distribute, 21 U.S.C. § 846. (ECF No. 68).

The maximum penalty for counts (1) and (2) is not more than twenty (20) years imprisonment, a $250,000.00 fine, or both. The maximum penalty for count (3) is not less than seven (7) years imprisonment to run consecutively to any other sentence. The maximum penalty for count (4) is imprisonment for life, a $250,000.00 fine, or both. The maximum penalty for count (5) is not more than forty (40) years imprisonment—and, due to the amount of heroin involved in

**James C. Mahan**
**U.S. District Judge**

the conspiracy, a five (5) year mandatory minimum was applicable pursuant to 21 U.S.C. § 841(b)(1)(B). (*See* ECF No. 66 at 8–9).

In the plea agreement, petitioner knowingly and expressly waived, *inter alia*, "the right to bring any collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence and the procedure by which the court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel." (ECF No. 66 at 7).

On February 19, 2013, the court sentenced petitioner to 97 months on counts (1), (2), (4), and (5) to run concurrently and 84 months on count (3) to run consecutively—for a total of 181 months in custody—followed by five (5) years supervised release. (ECF No. 78). Petitioner was advised of his rights to file an appeal. (ECF No. 78). The court entered judgment on March 21, 2013. (ECF No. 80).

In the instant motion, petitioner moves to vacate the sentencing enhancement applied to his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and requests that the court resentence him to 97 months, the low end of the guideline range without the § 924(c) conviction. (ECF No. 85).

**II.   Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Discussion

In the instant motion, petitioner asserts that he is not subject to the § 924(c) conviction because his underlying conviction (Hobbs Act robbery) does not constitute a "crime of violence." (ECF No. 85 at 10). Petitioner argues that his sentence is unconstitutional under *Johnson* because *Johnson*'s holding applies equally to the residual clause in § 924(c)(3)(B). (ECF No. 85 at 7). Petitioner thus maintains that *Johnson*'s holding renders the government unable to prove that Hobbs Act robbery constitutes a crime of violence without relying on the residual clause. (ECF No. 85 at 13). The court disagrees.

The Armed Career Criminal Act of 1984 ("ACCA") defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The closing words emphasized above have come to be known as the ACCA's "residual clause." *See, e.g.*, *Johnson*, 135 S. Ct. at 2555–56.

In *Johnson*, the United States Supreme Court held the ACCA's residual clause to be unconstitutionally vague as a statute fixing permissible sentences. 135 S. Ct. at 2557. In particular, the Supreme Court found that the ACCA's residual clause, where applicable, impermissibly fixed a higher sentence for certain defendants by requiring sentencing courts to increase a defendant's prison term from a statutory minimum of ten (10) years to a minimum of fifteen (15) years. *Id.*

Subsection (3) of § 924(c) defines the term "crime of violence" as an offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

*Johnson* is inapplicable here because petitioner's sentence did not involve the ACCA's residual clause or any residual clause for that matter. That these residual clauses contain similar language does not render *Johnson* any more or less applicable than would otherwise be the case.

Further, no statute or residual clause applied to impermissibly fix a higher sentence for petitioner. Under the applicable statutory provisions for counts (1) and (2), petitioner was subject to a maximum penalty of twenty (20) years (240 months). Specifically, pursuant to 18 U.S.C. § 1951(a), the maximum penalty for counts (1) and (2) was twenty (20) years imprisonment. For count (3), 18 U.S.C. § 924(c)(1)(A) set forth a minimum penalty of seven (7) years—*i.e.*, 84 months—imprisonment to run consecutively to any other sentence. (*See* ECF No. 66 at 8–9). The court sentenced petitioner to 97 months on counts (1), (2), (4), and (5) to run concurrently and 84 months on count (3) to run consecutively. (ECF No. 78). Petitioner received a total sentence of 181 months in custody, which is under the applicable 240-month statutory maximum.

Nevertheless, petitioner asserts that to qualify as a crime of violence under § 924(c)(3)(A) (the "force clause"), Hobbs Act robbery must have an element of "physical force against the person or property of another." (ECF No. 85 at 13 (quoting 18 U.S.C. § 924(c))). Petitioner argues that Hobbs Act robbery categorically cannot fall under the force clause because the offense can be accomplished through acts that do not necessarily constitute "violent force." (ECF No. 85 at 13).

Petitioner's argument is unpersuasive. Under § 924(c)(3)(A), a "crime of violence" is a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). According to the plea agreement signed by petitioner, the elements of interference with commerce by robbery in violation of § 1951(a) include, *inter alia*, "the wrongful use of actual or threatened force, violence or fear." (ECF No. 66 at 10); *see also* 18 U.S.C. § 1951(a) ("by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property"). Under the elements set forth in the plea agreement, as well as the language of § 1951(a), plaintiff's underlying felony offense is a "crime of violence" under § 924(c)(3)(A).[1]

---

[1] Further, in the plea agreement, petitioner admitted to the following facts that support a guilty plea:

**James C. Mahan**
**U.S. District Judge**

- 4 -

In light of the foregoing, petitioner has failed to show that his sentence is unconstitutional under *Johnson* or otherwise. Accordingly, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 85).

---

> On September 17, 2011, Las Vegas Metropolitan Police Department (LVMPD) Officers responded to the report of a kidnapping during which time Officers met with a witness in the area of 3650 S. Town Center Drive, Las Vegas, NV. The witness advised investigating officers that a few hours prior she had received a call from a friend, identified only as "Carlos," who told her his associate, only identified as "Daniel," had been kidnapped. The witness and a friend subsequently assisted "Carlos" in providing the kidnappers with a ransom for the release of "Daniel." The ransom included an SUV and U.S. currency (cash). During the ransom drop, the witness was able to obtain the license plate number and description for a vehicle that was associated with the kidnapping. The witness provided the description and license plate number to law enforcement officers.
>
> Officers issued a look-out for the vehicle the witness had identified. Shortly after issuing the look-out, LVMPD officers stopped a vehicle matching the description provided by the witness which was occupied and being driven by Allan Lal. Lal was taken into custody on local warrants and was interviewed by investigators regarding his involvement in the reported kidnapping. During a post-Miranda interview, LAL admitted that he and his friends, later identified as co-conspirators JUDEL ESPINOZA-GONZALEZ and Jorge Rojo, had kidnapped a drug courier.
>
> Investigators asked Lal to identify his co-conspirators' possible whereabouts. Lal identified one location as 4175 E. Colorado Avenue, Las Vegas, NV. Surveillance was established at that location. During the course of surveillance, officers observed three Hispanic males exit the residence and enter a blue Isuzu Rodeo. Based on the on-going investigation into the kidnapping, officers initiated a traffic stop of the blue Isuzu Rodeo. The driver, identified as the defendant JUDEL ESPINOZA-GONZALEZ admitted to conspiring to kidnap a drug courier, and that he lived at 4175 Colorado Avenue, Las Vegas, NV.
>
> Law enforcement obtained a search warrant for the 4175 E. Colorado Avenue, Las Vegas, NV, which was executed on or about September 18, 2011, at approximately 7:58 a.m. During the execution of the search warrant at the residence Jorge Rojo was taken into custody. Post-Miranda, Rojo also confessed to kidnapping and robbing a drug courier. Rojo also told officers that some of the firearms used in the kidnapping where [*sic*] located in a silver poker chip case inside the Colorado Avenue residence. In addition, Rojo admitted that there was a SKS Rifle, and an AK-47 firearm, and controlled substances inside the same garage. Rojo also lived at the Colorado Avenue Residence, along with this [*sic*] sister. Rojo's sister is married to JUDEL ESPINOZA-GONZALEZ.
>
> . . . .

(ECF No. 66 at 11–13).

**James C. Mahan**
**U.S. District Judge**

- 5 -

Furthermore, the court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court declines to issue a certificate of appealability.

. . .

. . .

James C. Mahan
U.S. District Judge

- 6 -

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Judel Espinoza-Gonzalez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 84, 85) be, and the same hereby is, DENIED.

DATED April 6, 2017.

                                                                    _____
                                                                    UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**